FILED

2017 FEB 27 PM 4: 20

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDY SHAFFER, on behalf of
herself and others similarly situated,

    Plaintiff,

v.

CASE NO.: 6:17-cv-336-ORL-40KRS

NITRO GREEN INC., a Florida corporation,
and CLINTON M. WOODS,

    Defendants.
_____/

## COMPLAINT

Plaintiff, BRANDY SHAFFER ("Plaintiff"), on behalf of herself and others similarly situated, hereby sues the Defendants, NITRO GREEN INC. ("Nitro Green") and CLINTON M. WOODS ("Woods") and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

3. Defendants are employers as defined by the FLSA and operate and conduct business in this judicial district.

4. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants.

## GENERAL ALLEGATIONS

5. Defendant Nitro Green, a company that performs landscaping and ground maintenance services in Volusia County, was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its principal place of business at 406 Bostrom Lane, Ormond Beach, FL 32174.

6. Defendant Woods is the President and Chief Executive Officer of Nitro Green. In that position, Woods exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions. As such, he is an employer as defined by the FLSA.

7. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

8. Plaintiff, who was employed by Defendant during the relevant time period as an office manager/bookkeeper, was engaged in interstate commerce during her employment with Defendants.

9. This action is brought under the FLSA to recover unpaid overtime compensation and minimum wages owed to Plaintiff and all others similarly situated who are or were employed by Defendant as office managers and/or bookkeepers.

10. Plaintiff and others similarly situated were employees of Defendant under the FLSA.

11. Defendant failed to comply with the FLSA because Plaintiff, and other

2

similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

12. Moreover, Defendants failed to use the proper regular rate for purposes of calculating overtime compensation for cable installer/technicians.

13. The additional persons who may become Plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

14. Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

15. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA

16. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 15 as if fully restated herein.

17. During the three (3) year period prior to filing this action, Defendant failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

18. Defendant's failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

19. Defendant's violations of the FLSA were knowing, willful and in reckless

disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of herself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

### JURY TRIAL DEMAND

Plaintiff demand trial by jury as to all issues.

**DATED** this 24th day of February, 2017.

>Respectfully submitted,
>**WHITTEL & MELTON, LLC**
>*/s/ Jay P. Lechner*
>Jay P. Lechner, Esq.
>Florida Bar No.: 0504351
>Jason M. Melton, Esq.
>Florida Bar No.: 605034
>One Progress Plaza
>200 Central Avenue, #400
>St. Petersburg, Florida 33701
>Telephone: (727) 822-1111
>Facsimile: (727) 898-2001
>Service Email:
>Pleadings@theFLlawfirm.com
>lechnerj@theFLlawfirm.com
>shelley@theFLlawfirm.com
>*Attorneys for Plaintiff*