# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRANDY SHAFFER,**

       **Plaintiff,**

**v.**          Case No: 6:17-cv-336-Orl-40KRS

**NITRO GREEN, INC, and CLINTON M. WOODS,**

       **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** STIPULATION OF FULL RELIEF OR, ALTERNATIVELY, MOTION FOR APPROVAL OF THE SETTLEMENT OF PLAINTIFF'S FLSA CLAIM (Doc. No. 18)
>
> **FILED:** August 3, 2017

Plaintiff, Brandy Shaffer, filed a complaint against Defendants Nitro Green, Inc. and Clinton M. Woods alleging that Defendants failed to pay her overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The parties, each of whom was represented by counsel[1], state that they have settled the case. Pursuant to the settlement

---

[1] Although counsel for Defendants has not entered an appearance in the case, she signed the above-referenced motion. Doc. No. 18, at 4.

agreement, Shaffer stipulates that she will receive more than full compensation of her overtime compensation and liquidated damages claims.[2]

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Eleventh Circuit stated that "[t]here are only two ways in which claims arising under the FLSA can be settled or compromised by employees." The first is a settlement that is supervised by the Department of Labor. The second is when a district court enters a stipulated judgment after scrutinizing a settlement for fairness. *Id.* at 1353. Based on this language, it appears that the Court must scrutinize a settlement agreement for fairness even if the plaintiff did not compromise her claims. *But see Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)(unpublished decision)(stating that the court did reach the question of what judicial oversight, if any, applies under *Lynn's Food Stores* when plaintiff received full satisfaction of the FLSA claim); *MacKenzie v. Kindred Hosp. East, LLC,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)(finding no need for judicial scrutiny when defendant offered plaintiff more than full relief).

The Honorable Paul G. Byron, the presiding district judge in this case, has held: "When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Williams v. Vidhi Inv., Inc.*, No. 6:14-cv-1559-Orl-40GJK, 2015 WL 1524047, at * 1, 4 (M.D. Fla. April 3, 2015). Based on that conclusion, and the parties' stipulation that Shaffer will receive more than full compensation of her FLSA claim, I **respectfully recommend** that the Court find that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. I further **recommend** that the Court

---

[2] Specifically, Shaffer estimates that she was owed $338.00 in unpaid overtime and an equal amount of liquidated damages. Under the settlement agreement, she will receive $1,000.00. Doc. No. 18, at 2; Doc. No. 18-1, at 2.

- 2 -

require counsel for the parties to submit a stipulated form of judgment to be entered as required by *Lynn's Food Stores*.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 9, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy